**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**In re:**

| | | |
|---|---|---|
| **MARK STEPHEN NEIGHBORS and** | ) | |
| **SHELLY KAY NEIGHBORS,** | ) | |
| | ) | Case No. 16-2003-JAR |
| | ) | Bankruptcy No. 11-21003-DLS |
| **Debtors.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER DENYING MOTION FOR STAY**

On December 21, 2015, following an evidentiary hearing, United States Bankruptcy Judge Dale L. Somers entered an order converting Debtors Mark and Shelly Neighbors' Chapter 11 bankruptcy case to a Chapter 7 liquidation proceeding. On December 30, Debtors appealed the conversion of their bankruptcy proceedings. The substantive issues on appeal are being briefed, and the case is not yet ripe for review on the merits.

Debtors moved the bankruptcy court for a stay of the conversion order pending appeal. The bankruptcy court denied that request on March 1, 2016.[1] Debtors have now filed a Motion for Stay of Memorandum Opinion and Judgment Converting Case to Chapter 7 Pending Appeal in this Court (Doc. 3). For the reasons explained in detail below, the motion is denied.

**I.   Standard of Review**

Federal Rule of Bankruptcy Procedure 8007 allows a party to petition the bankruptcy court and the reviewing district court for a stay pending appeal. The Court reviews the bankruptcy court's denial of Debtors' request for a stay for abuse of discretion.[2] "Under the abuse of discretion standard[,] 'a trial court's decision will not be disturbed unless the appellate court has

---

[1] Doc. 4.

[2] *See In re Lang*, 305 B.R. 905, 911 (10th Cir. B.A.P. 2004) ("The decision of whether to grant a stay pending appeal is left to the discretion of the bankruptcy court. We review this decision for an abuse of discretion.").

a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'"[3]  An abuse of discretion occurs when the trial court's decision is "arbitrary, capricious or whimsical" or results in a "manifestly unreasonable judgment."[4]  "As one court has put it, '[t]he question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion.'"[5]

## II. Discussion

Debtors ask this Court to reverse the decision of the bankruptcy court denying their motion to stay.  The factors to be considered by a court in determining whether to grant a stay pending appeal are well established:  (1) the likelihood of success on appeal; (2) the threat of irreparable harm to the appellant if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) the risk of harm to the public interest.[6]  The Tenth Circuit applies a balancing approach:  where "the three 'harm' factors tip decidedly in" favor of the party seeking a stay, "the 'probability of success' requirement is somewhat relaxed."[7]

In this case, the bankruptcy court determined that Debtors did not establish a sufficient likelihood of success on the merits of their appeal, finding that their chance of obtaining a reversal is not significantly better than negligible.  This Court cannot say that the bankruptcy court abused its discretion by denying Debtors' request for stay.

---

[3] *Id.* at 908 (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (internal quotation omitted)).

[4] *Id.* (internal quotations omitted).

[5] *Id.* (quoting *In re M.J. Waterman & Assocs., Inc.*, 227 F.3d 604, 608 (6th Cir. 2000)).

[6] *F.T.C. v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003).

[7] *Id.*

On appeal, Debtors contend that the bankruptcy court erred in finding cause pursuant to 11 U.S.C. § 1124(b)(4) to convert their Chapter 11 proceedings to a Chapter 7 liquidation. Specifically, Debtors reassert that (1) the bankruptcy court mistakenly relied on motions and statements previously withdrawn by Debtors; (2) they have plans to revitalize their business and obtain sufficient sources of income to sustain a Chapter 11 plan or reorganization; and (3) before conversion of the case to a Chapter 7, Debtors were actively working with their bankruptcy counsel to prepare and file a confirmable plan. To prevail on appeal, Debtors must show that the bankruptcy court's factual findings regarding the underlying conversion were clearly erroneous.[8] This is a high burden that "requires the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[9]

Section 1112(b)(4) of the Bankruptcy Code lists sixteen non-exclusive methods of finding cause to convert a Chapter 11 case.[10] Judge Somers found cause in this case pursuant to § 1112(b)(4)(A), "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," and § 1112(b)(4)(J), "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by court order." Either of these grounds independently constitutes sufficient cause to convert the Debtors' filing.[11] In addition, the bankruptcy court when ordering conversion found that Debtors provided no evidence of unusual circumstances under § 1112(b)(2) establishing that converting the case is not in the best interests of creditors and the estate, and the Debtors or any other parties. Thus, to

---

[8]*In re Fremont Sheep Co.*, 110 F.3d 73 (10th Cir. 1997).

[9]*See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[10]11 U.S.C. § 1112(b)(4).

[11]*See* 11 U.S.C. § 1112(b)(1) (stating that the bankruptcy court "shall convert" a case upon any finding of cause).

prevail on appeal, Debtors have to show that the factual findings underlying both of the bankruptcy court's causes for conversion were clearly erroneous.

The bankruptcy court found cause to convert pursuant to § 1112(b)(4)(A) because during the pendency of the case, Debtors' real estate assets have declined significantly, there is no evidence of plans to revitalize Debtors' real estate development businesses, and Debtors did not have sufficient sources of income to sustain a Chapter 11 Plan or reorganization.  This latter finding was based in part on Debtors' statements in their withdrawn motion to dismiss, which Debtors contend was used in error.  As the bankruptcy court noted, however, these statements were relied upon as evidence, not conclusive admissions.  The bankruptcy court further found additional circumstances evidencing cause for conversion under § 1112(b)(4)(J), as Debtors had made no serious effort to obtain a confirmed plan in the four-plus years that their Chapter 11 proceedings had been pending.  The court stressed that it was clear that a confirmed plan could not be obtained without the consent of CitiBank, which had moved to convert the case to Chapter 7, and that Debtors' overall conduct during the pendency of the case did not adhere to the minimum standard of conduct required of Chapter 11 debtors.

On the instant motion, the "probability of success is demonstrated when the petitioner seeking the stay has raised 'questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation.'"[12]  On the record before the Court, and particularly given the deferential standard of review, the Court finds no clear error in the relevant findings of fact set forth in the bankruptcy court's order converting the case.  Those findings indicate that Debtors' appeal does not present a substantial case on the merits, much less a likelihood that they will prevail.

---

[12]*F.T.C. v. Mainstream Mktg. Servs, Inc.*, 345 F.3d 850, 853 (10th Cir. 2003).

Debtors have demonstrated no serious questions going to the merits of the conversion order that would warrant its reversal.

It has been said that "if the moving party cannot demonstrate that he is likely to succeed [on the merits] . . . the remaining factors become matters of idle curiosity."[13]  Such is the case here.  While Debtors contend that they will suffer harm in the absence of a stay because their estate will be liquidated, the Court concludes that the creditors will suffer greater harm if a stay is imposed because the assets of the estate will continue to be depleted.  Taken together, these factors neither favor nor disfavor a stay.  The Court also concludes that there are countervailing considerations on both sides of the public interest factor such that it is neutral.

Given the above, the Court concludes that Debtors have failed to show that the bankruptcy court abused its discretion in denying their request for a stay of the conversion order pending appeal.  Moreover, even if the Court were considering the request for stay *de novo*, it concludes that Debtors have failed to meet their "heavy burden" of showing that such relief is appropriate in this case.[14]  Accordingly, Debtors' request is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Debtors' Motion for Stay of Memorandum Opinion and Judgment Converting Case to Chapter 7 Pending Appeal (Doc. 3) is DENIED.

**IT IS SO ORDERED.**

Dated: April 29, 2016

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[13]*Esso Standard Oil Co. v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006) (internal quotation marks omitted).

[14]*See In re Morreale v. 2011-SIP-1 CRE/CADC Venture, LLC*, No. 15-cv-0008-WJM, 2015 WL 429502, at *3 (D. Colo. Jan. 30, 2015) (citing *In re Taub*, 470 B.R. 273, 277 (E.D.N.Y. 2012)).

6